IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-cv-747-BO

| | |
|---|---|
| TONYA MICHELLE ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings, [D.E. 16, 19]. A hearing on this matter was held in Raleigh, North Carolina on July 25, 2017. [D.E. 22]. For the reasons discussed below, plaintiff's motion [D.E. 16] is DENIED and defendant's motion [D.E. 19] is GRANTED. The decision of the Commissioner is AFFIRMED.

## **BACKGROUND**

Plaintiff asserts that the following medical conditions prevent her from working: lumbar degenerative disc disease with a herniated disc; obstructive sleep apnea; bilateral carpal tunnel syndrome; hypertension; and depression. [D.E. 17] at 3, 11. On the alleged disability onset date of November 12, 2010, plaintiff was 34 years old. *Id.*

Plaintiff filed applications for disability insurance benefits under Title II of the Social Security Act ("Act") and supplemental security income benefits under Title XVI of the Act. *See* [Tr. 248–58]. Plaintiff's applications were denied initially and upon reconsideration. [Tr. 178–83, 192–200]. An Administrative Law Judge ("ALJ") held a hearing on October 7, 2014, to consider plaintiff's claims *de novo.* [Tr. 93–121]. On January 29, 2015, the ALJ issued a decision

denying plaintiff's claim. [Tr. 74–92]. On June 23, 2016, the Appeals Council denied plaintiff's request for review [Tr. 1–4], and the ALJ's decision became the Commissioner's final decision. On August 18, 2016, plaintiff filed with the court a complaint seeking judicial review of pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). [DE 5].

## LEGAL STANDARD

A district court's review of the Commissioner's final decision is limited to determining whether the correct legal standard was applied and whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides:

> an individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other line of substantial gainful work . . . .

42 U.S.C. § 1382c(a)(3)(B).

The ALJ engages in a sequential five-step evaluation process to make an initial disability determination. 20 C.F.R. § 404.1520(a); *see Johnson*, 434 F.3d at 653. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). If a decision regarding the claimant's disability can be made at any step of the process, the ALJ's inquiry ceases. 20 C.F.R. § 404.1520(a)(4).

When evaluating adults, the ALJ denies the claim at step one if the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4). At step two, the ALJ denies the claim if the claimant does not have a severe impairment or combination of impairments significantly limiting her from performing basic work activities. *Id.* At step three, the ALJ compares the claimant's impairment to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed, or equivalent to a listed impairment, disability is conclusively presumed without considering the claimant's age, education, and work experience. 20 C.F.R. § 416.920(d). However, if the impairment does not meet or equal a listed impairment, the ALJ then makes a residual functional capacity ("RFC") finding. 20 C.F.R. § 404.1545(e).

In making an RFC finding, the ALJ's considers both severe and non-severe impairments, and any combination thereof, and takes into account both objective medical evidence as well as subjective complaints of pain and limitations. 20 C.F.R. § 404.1545(e). The ALJ further considers the claimant's ability to meet the physical, mental, sensory, and other requirements of accomplishing work. 20 C.F.R. § 404.1545(a)(4). An RFC finding is meant to reflect the most that a claimant can do, despite his or her limitations. 20 C.F.R. § 404.1545(a)(1).

At step four, the ALJ considers a claimant's RFC to determine whether she can perform past relevant work ("PRW") despite her impairments. 20 C.F.R. § 416.920(a)(4). If not, the ALJ proceeds to step five of the analysis: establishing whether the claimant–based on her RFC, age, education, and work experience–can make an adjustment to perform other work. *Id.* To determine what occupations are available that a claimant could perform, the ALJ relies on the *Dictionary of Occupational Titles* ("DOT") including its companion publication, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* ("SCO"). SSR 00-4p. If the claimant cannot perform other work, the ALJ finds her disabled. 20 C.F.R. § 416.920(a)(4).

As a general matter, an ALJ must consider the entire record when determining the credibility of a claimant's statements. *See* SSR 96-7p, 1996 WL 374186, at *1. The regulations provide a two-step process for evaluating whether a claimant is disabled by pain or other symptoms alleged. 20 C.F.R. § 404.1529; *Craig v. Chater*, 76 F.3d 585, 593–96 (4th Cir.1996). First, the ALJ must determine whether there is objective medical evidence showing the existence of a medical impairment that reasonably could be expected to produce the pain or other alleged symptoms. 20 C.F.R. § 404.1529(b). Second, the ALJ evaluates the intensity and persistence of the symptoms to determine if a claimant's capacity for work is limited. 20 C.F.R. § 404.1529(c). The ALJ must also consider the consistency of the individual's statements, a longitudinal record of treatment, and attempts to seek treatment for pain. *See* SSR 96-7p, 1996 WL 374186, at *7.

## DISCUSSION

Here, the ALJ's decision followed the sequential five-step evaluation process. [Tr. 79–86]. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of November 12, 2010. [Tr. 79]. At step two, the ALJ enumerated plaintiff's severe impairments, including: lumbar degenerative disc disease with small disc herniation at L4-5; obesity; obstructive sleep apnea; bilateral carpal tunnel syndrome; and hypertension. *Id.* The ALJ also determined that plaintiff's depression was not a severe impairment. [Tr. 80–81]. At step three, the ALJ found that none of plaintiff's impairments, nor any combination thereof, met or equaled one of the conditions in the Listing of Impairments. [Tr. 81]. The ALJ then determined that plaintiff had the RFC to perform sedentary work with the following restrictions: "she is limited to frequent fingering and handling; frequent stair climbing; occasional ladder climbing; and occasional balancing as defined in the SOC and DOT, and occasional stooping, crouching, kneeling, and crawling." [Tr. 82].

4

On the basis of the ALJ's RFC determination, the vocational expert ("VE") testified at the October 7, 2014, hearing that plaintiff could not perform her PRW as a corrections officer or security guard. [Tr. 117–18]. However, the VE also testified that plaintiff could perform other jobs, including: (1) cuff folder (D.O.T. # 686.687-014), with 1,000 jobs available in North Carolina and 60,000 jobs nationally; (2) nut sorter (DOT# 521.687-086), with 600 jobs available in North Carolina and 40,000 jobs nationally; (3) egg processor (DOT # 559.687-034), with 800 jobs available in North Carolina and 60,000 jobs nationally. [Tr. 118–19].

At step four, the ALJ agreed that plaintiff could not perform her PRW. [Tr. 85]. At step five, the ALJ found that the VE's testimony was consistent with the DOT and determined that plaintiff was not disabled because she could adjust to other substantial gainful work. [Tr. 86–87].

Plaintiff first argues that the ALJ erred in finding that she had the RFC to perform sedentary work. *See* [D.E. 17] at 10. Specifically, plaintiff contends that the ALJ's RFC assessment is not supported by substantial evidence because (1) due to chronic low back pain, she is unable to sit for six hours in an eight-hour workday; (2) her carpal tunnel syndrome would preclude her from performing frequent fingering and handling; and (3) the ALJ failed to take into consideration, or incorporate into the RFC, her mental limitations due to depression. *Id.* at 10–11.

Contrary to plaintiff's first argument, the record reflects that, when making his RFC determination, the ALJ carefully considered the entire record and discussed the existence and consequences of plaintiff's documented impairments including, among other things, her low back pain, carpel tunnel syndrome, and depression. *See* [Tr. 79–87]. The ALJ concluded that, although the cumulative effects of these impairments would preclude plaintiff from engaging in any type of employment except sedentary work, these impairments were not totally disabling. [Tr. 86–87].

As to plaintiff's first specific contention–that her chronic low back pain precludes her from sitting for six hours in an eight-hour workday, as is required for sedentary work–the ALJ found that her back condition was not as limiting as she alleged. [Tr. 83]. The ALJ noted that, although a March 2013 examination found that plaintiff had reduced range of spinal motion and pain, plaintiff had also asserted that her condition improved with rest and medication. *Id.* (referencing Tr. 528, 530, 533). The ALJ also noted that, in July 2014, there were no signs of radiculopathy. *Id.* (referencing Tr. 662). The ALJ determined that various medical examinations finding that plaintiff was capable of accomplishing seated work were more consistent with the mild nature of her degenerative disc disease and her demonstrated capacity to engage non-work activities that her statements to the contrary. [Tr. 84–85] (referencing, *e.g.*, Tr. 353, 356, 514].

As to plaintiff's second contention–that her carpal tunnel syndrome would preclude her from accomplishing frequent fingering and handling–the ALJ again found that this condition did not appear to be as limiting as she alleged. [Tr. 84]. The ALJ noted that, post physical therapy, plaintiff's grip strength was improved. *Id.* (referencing Tr. 652). Further, the ALJ noted that, although plaintiff complained again of hand numbness in October 2014, a treating physician in July 2014 deemed that plaintiff's carpal tunnel condition had resolved. *Id.* (referencing Tr. 662).

Plaintiff's third contention–that the ALJ failed to take into consideration her mental limitations due to depression–is belied by the record. The ALJ noted that plaintiff's depression was a determinable mental impairment, but found that the condition was not severe because it caused no more than minimal limitations to plaintiff's ability to perform basic mental work activities. [Tr. 80]. The ALJ further found that plaintiff's depression caused no restriction in activities of daily living; only mild limitation in social functioning; mild difficulties with concentration, persistence, or pace; and no episodes of decompensation of extended duration. *Id.*

Succinctly stated, the court finds that the ALJ's RFC finding is supported by substantial evidence in the record. *See Perales*, 402 U.S. at 401; *Johnson*, 434 F.3d at 653. Moreover, there is no discrepancy between the limitations in the ALJ's RFC finding and the requirements of the jobs that the ALJ, based on the VE's testimony, found that plaintiff could perform.

Plaintiff's second argument is that the ALJ erred in rendering a negative credibility determination. [D.E. 17] at 11. Specifically, plaintiff contends that the ALJ misapplied the legal standard established in *Hines v. Barnhart*, 453 F.3d 559, 563–64 (4th Cir. 2006), when he improperly discredited her subjective complaints that pain prevented her from completing a full workday and dismissed these complaints as inconsistent with the record. *See* [D.E. 17] at 12.

As discussed above, the ALJ found objective medical evidence that plaintiff suffers from, among other things, low back pain, carpal tunnel syndrome, and depression. *See* [Tr. 79–80]. The ALJ also determined that plaintiff's medically discernable impairments could reasonably be expected to cause the symptoms alleged. [Tr. 83]. Nevertheless, the ALJ found that plaintiff's statements regarding the intensity, persistence, and limiting effects due to her medically discernable impairments were not entirely credible. *Id.*

In support of this adverse credibility finding, the ALJ noted several conflicts between plaintiff's statements and the record medical evidence. For example, as to plaintiff's low back pain, the ALJ noted that, although the condition is severe, Dr. Sylvester Odeke's October 2012 opinion found that plaintiff "could lift, carry, and handle light objects, was able to rise from a seated position, had no difficulty getting on or off the examination table could heel and toe walk with ease, had a normal gait, could dress and undress adequately, and had a normal range of motion." [Tr. 84] (referencing Tr. 513). As to plaintiff's assertion that she is unable to handle or finger frequently due to carpel tunnel syndrome, the ALJ noted that Dr. Suzanne Zorn's July 2014

7

examination found that this condition had resolved. *Id.* (referencing Tr. 662). As to plaintiff's assertions that her depression precludes her from engaging in other work, as discussed above, the ALJ found that her mental health impairment was not severe because plaintiff did not initially allege functional limitations due to this condition, she attended church regularly, and because she was able to manage her own finances.[1] [Tr. 80]

Although plaintiff asserts that the ALJ misapplied the legal standard of *Hines*, the two cases are substantially distinguishable. In *Hines*, an ALJ denied disability benefits largely because the claimant provided no objective evidence to support his subjective claims of disabling pain due to sickle cell anemia, 453 F.3d at 562–63. The U.S. Court of Appeals for the Fourth Circuit ("Fourth Circuit") determined that, because sickle cell anemia is an unusual condition that rarely produces objective medical evidence of pain, the claimant was entitled solely to rely upon subjective evidence to demonstrate his disabling pain. *Id.* at 561–67. Nevertheless, the Fourth Circuit noted:

> While objective evidence is not mandatory at the second step of the test [as described in 20 C.F.R. § 404.1529(c)], "[t]his is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work. They most certainly are. Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers."

*Id.* at 565 n.3 (quoting *Craig*, 76 F.3d at 595).

---

[1] Although the ALJ did not specifically discuss the consistency of plaintiff's mental health complaints when considering the credibility of her statements, the record reflects inconsistencies in plaintiff's assertions of depression and anxiety. *Compare* [Tr. 525] (diagnosing, in a February 2013 evaluation, dysthymia) *with* [Tr. 518] (denying depression and significant anxiety in a January 2013 progress note) *and* [Tr. 390] (noting no depression in a March 2013 emergency room visit for a sprained ankle) *and* [Tr. 491–92] (denying psychiatric symptoms in an October 2011 history and physical examination). These inconsistencies do not undermine the ALJ's determination, and thus, to the extent that the ALJ failed to address them, any such error is harmless. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009), for the proposition that the "general case law governing application of the harmless-error standard" applies equally to administrative cases).

8

Unlike the claimant in *Hines*, plaintiff in this case has not asserted that she suffers from a disease that rarely produces objective medical evidence. *Cf. Hines*, 453 F.3d at 561. Moreover, as discussed above, here the ALJ found that plaintiff's complaints lacked credibility, not solely because these complaints were subjective or unsupported by objective evidence, but rather because these complaints were inconsistent with record evidence. The court finds that the ALJ's evaluation is explicitly permitted by, and consistent with, the Fourth Circuit's decisions in *Hines* and *Craig*. *See also Morris v. Astrue*, No. 7:08CV630, 2010 WL 838862, at *3 (W.D.Va. Mar. 5, 2010) (noting that an ALJ is not required "to defer blindly to [a claimant's] testimony about the level of impairment caused by his pain once [the claimant] has established objective evidence of an underlying medical impairment").

In sum, the court finds that the Commissioner's final decision–including the ALJ's RFC finding and credibility determination–is supported by substantial evidence and applied the correct legal standard. *See* 42 U.S.C. § 405(g); *Perales*, 402 U.S. at 401; *Johnson*, 434 F.3d at 653.

## CONCLUSION

For the foregoing reasons, defendant's motion for judgment on the pleadings [D.E. 19] is GRANTED and plaintiff's motion [D.E. 16] is DENIED. The decision of the Commissioner is AFFIRMED. The clerk is DIRECTED to close the file.

SO ORDERED.

This 22 day of August, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

9